SEYFARTH SHAW LLP
Aaron Belzer (SBN 238901)
abelzer@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Frederick T. Smith (*to be admitted pro hac vice*)
fsmith@seyfarth.com
Esther Slater McDonald (*to be admitted pro hac vice*)
emcdonald@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND
SERVICES CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GOMEZ, as an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Foreign Corporation registered to do business in the State of Georgia; and JOHN DOES, 1-10 inclusive,<br><br>　　　　　Defendants. | Case No. 2:20-cv-9720<br><br>**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C §§ 1441(b)**<br><br>(Los Angeles County Superior Court, Case No. 20STCV36022, filed September 21, 2020) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. hereby removes to this Court the above-entitled action from the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, First Advantage states the following:

## BACKGROUND

1. On September 21, 2020, Plaintiff filed his Complaint and Civil Case Cover Sheet in the Superior Court of the State of California, County of Los Angeles, titled *Juan Gomez v. First Advantage Background Services Corp., and John Does, 1-10 inclusive*, Case No. 20STCV36022. In his Complaint, Plaintiff alleges that First Advantage and John Does 1-10 violated the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786 *et seq.*, by furnishing a background report to Plaintiff's prospective employer that erroneously included criminal charges that had allegedly been expunged. Copies of the Complaint, Civil Case Cover Sheet and e Civil Case Cover Sheet Addendum and Statement of Location are attached hereto as **Exhibit A.**

2. On September 22, 2020, Plaintiff served a copy of the Summons and Complaint on First Advantage's agent for service of process via personal service. A copy of the summons is attached hereto as **Exhibit B.**

3. Along with the summons and Complaint, Plaintiff also served First Advantage with copies of: (i) the Superior Court's, September 21, 2020 Notice of Case Assignment-Unlimited Civil Case, a copy of which is attached hereto as **Exhibit C**; (ii) the First Amended General Order of the Superior Court of the State of California for the County of Los Angeles, dated May 3, 2019, a copy of which is attached hereto as **Exhibit D**; (iii) the Voluntary Efficient Litigation Stipulations packet, a copy of which is attached hereto as **Exhibit E**; and (iv) the Alternative Dispute Resolution (ADR) Information Package of the Superior Court of the State of California for the County of Los Angeles, a copy of which is attached hereto as **Exhibit F**.

4.      Exhibits A through F attached hereto constitute all pleadings, process, and orders served upon First Advantage in this action.

5.      On October 21, 2020, First Advantage filed its Answer to Plaintiff's Complaint in the Superior Court of the State of California for the County of Los Angeles. A copy of First Advantage's Answer is attached hereto as **Exhibit G.**

## TIMELINESS OF REMOVAL

6.      The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty days of service of the Complaint upon First Advantage. *See* 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

7.      This action is removable under 28 U.S.C. § 1441 because it is a civil action over which the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

8.      Upon information and belief and according to the allegations in the Complaint, Plaintiff is a citizen of the State of California. (Compl. ¶ 26.)

9.      For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)). As Plaintiff acknowledges, First Advantage is not a California citizen. (Compl. ¶ 28.) Instead, First Advantage is incorporated in the State of Florida and has its principal place of business in Atlanta, Georgia. Attached hereto as **Exhibit H** is a copy of the California Secretary of State's "Entity Detail" report on First Advantage and the associated State of Information filed by First Advantage in the office

1  of the Secretary of State of the State of California on May 7, 2020, listing First Advantage's state of incorporation and principal place of business.[1]

10. While First Advantage denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that court may consider facts presented in removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees are included in amount in controversy, regardless of whether such award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (explaining that, in single-plaintiff cases, the damages alleged for each claim are aggregated when calculating the amount in controversy).

11. Plaintiff seeks to recover for his alleged actual damages, including for "economic damages, emotional distress, and damage to reputation," or statutory damages; punitive damages; and attorneys' fees and costs. (Compl. ¶ 36 & Prayer for Relief.); *see also* Cal. Civ. Code § 1786.50 (permitting recovery of actual damages or $10,000, whichever sum is greater, punitive damages, and attorneys' fees and costs).

12. Based on these allegations, Plaintiff's alleged actual damages, statutory damages, punitive damages, and attorneys' fees and costs are likely to exceed $75,000.

---

[1] The report, which is available at https://businesssearch.sos.ca.gov, includes corporate filings made by First Advantage in the State of California that confirm the information in the report.

13. In cases involving similar claims under federal law,[2] jury awards for non-economic and punitive damages often exceed $100,000 in the aggregate. *See, e.g.*, *Cortez v. Trans Union, LLC*, 617 F.3d 688, 724 (3d Cir. 2010) (affirming $50,000 non-economic damages award and $100,000 punitive damages award for violations, including inaccurate reporting, of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA")); *Saunders v. BB&T Co. of Va.*, 526 F.3d 142, 154 (4th Cir. 2008) (affirming $1,000 statutory damages award and $80,000 punitive damages award for FCRA violations including misleading reporting); *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 504-05 (4th Cir. 2007) (collecting cases on non-economic damages awards in FCRA cases and remitting non-economic damages award to $150,000 where plaintiff claimed emotional distress but presented "almost no evidence" that FCRA violations harmed her reputation); *Bach v. First Union Nat. Bank*, 149 F. App'x 354, 359 (6th Cir. 2005) (affirming $400,000 award for "emotional pain and suffering, humiliation, lost credit opportunities and damage to her reputation for creditworthiness" for FCRA violations including inaccurate reporting); *Kim v. BMW Fin. Servs. N.A. L.L.C.*, 142 F. Supp. 3d 935, 940 (C.D. Cal. 2015), *aff'd* 702 F. App'x 561 (9th Cir. 2017) (affirming award of $250,000 in noneconomic damages for plaintiff's reputational injuries resulting from defendant's FCRA violation); *Miller v. Equifax Info. Servs., LLC.*, No. 3:11-CV-01231-BR, 2014 WL 2123560, at *1 (D. Or. May 20, 2014) (remitting punitive damages award to $1,620,000 where jury awarded $180,000 in non-economic damages for FCRA violations including inaccurate reporting); *Brim v. Midland Credit Mgmt., Inc.*, 795 F. Supp. 2d 1255, 1262 (N.D. Ala. 2011) (affirming $100,000 non-economic damages award and $623,180 punitive damages award for FCRA violation).

14. The attorneys' fees and costs alone often exceed $100,000 in cases involving similar claims brought under federal and state laws. *See, e.g.*, *Kim*, 2015 WL 12734013,

---

[2] *See, e.g.*, *Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d 1124, 1137 (N.D. Cal. 2017) (referring to the federal Fair Credit Reporting Act ("FCRA") as ICRAA's "federal counterpart").

1  at *11 (C.D. Cal. Nov. 12, 2015) (awarding plaintiff $280,934.90 in attorneys' fees
2  following a favorable verdict on his FCRA and California state-law claims); *Valentine v.*
3  *Equifax Info. Servs., LLC*, No. 3:05-cv-00801-JO (D. Or. Feb. 25, 2008) (awarding
4  plaintiff $117,096.80 in attorneys' fees based on defendant's FCRA violations);
5  *Kirkpatrick v. Equifax Info. Servs., LLC*, No. 3:03-CV-00199-MO, 2005 WL 1231485
6  (D. Or. Jan, 25, 2005) (awarding plaintiff $195,000 in attorneys' fees and $14,481.12 in
7  costs based on defendant's FCRA violations).

8      15.    Because this action is between citizens of different states and the amount in
9  controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this
10 Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).
11 Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).[3]

## VENUE

13     16.    Because this action originally was brought in the Superior Court of the State
14 of California, County of Los Angeles, the action is properly removed to the Central
15 District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

## INTRADISTRICT ASSIGNMENT

17     17.    Assignment to the Western Division of this Court is proper because Plaintiff
18 filed his Complaint in the Superior Court of the State of California, County of Los
19 Angeles and is a resident of Los Angeles County, California.

## CONSENT

21     18.    No consent is necessary from the other Defendants, Does 1-10, because they
22 are not named in the Complaint and have not been served.

---

[3] Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unnamed defendants are not required to join in a removal petition).

# NOTICE OF REMOVAL

19. Notice of this Notice of Removal will promptly be served on Plaintiff, through counsel, and the Clerk of the Superior Court of the State of California, County of Los Angeles. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

# PRAYER

20. WHEREFORE, First Advantage prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Date: October 22, 2020                    SEYFARTH SHAW LLP

By: */s/Aaron Belzer*
Frederick T. Smith*
Esther Slater McDonald*
Aaron Belzer

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND SERVICES CORP.

*to be admitted *pro hac vice*