# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/21/2020 01:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Case 2:20-cv-09720-JFW-KS    Document 1-1360722Filed 10/22/20    Page 2 of 64    Page ID #:9

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Ruth Ann Kwan

1  Devin H. Fok, Esq. (SBN #256599)
   **DHF Law, P.C.**
2  16 N. Marengo Avenue, Suite 403
   Pasadena, CA 91101
3  Phone Number: (888) 651-6411
   Fax Number: (818) 484-2023
4  Email:  devin@devinfoklaw.com

5

6  Attorney for Plaintiff

7

8              **SUPERIOR COURT OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES**

10

11

12  JUAN GOMEZ, as an individual,          )  Case No.:  20STCV36022
                                           )
13                      Plaintiff(s),      )  **COMPLAINT FOR DAMAGES and**
                                           )  **DEMAND FOR JURY TRIAL**
14          vs.                            )
                                           )
15  FIRST ADVANTAGE BACKGROUND             )
    SERVICES CORP., a Foreign Corporation  )
16  registered to do business in the State of Georgia;  )
    and JOHN DOES, 1-10 inclusive,         )
17                                         )
                                           )
18                      Defendant(s).      )
                                           )
19                                         )
                                           )
20  _____

21          Plaintiff JUAN MANUEL GOMEZ (hereafter "Client" or "Plaintiff") hereby files his

22  Complaint for Damages and Demand for a Jury Trial against Defendants FIRST ADVANTAGE

23  BACKGROUND SERVICES CORP., (hereafter as "Defendant" or "First Advantage," and JOHN

24  DOES 1-10 inclusive (hereafter collectively as "Defendants"), and alleges as follows:

25  //

26  //

27  //

28  //

- 1 -
COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

**NATURE OF THE ACTION**

1. This is a case about a consumer reporting agency's failure to follow laws designed to protect consumers from inaccurate, misleading, and manifestly improper consumer reporting practices under "ICRAA" Cal. Civ. C. §1786 *et seq*.

2. Employers, lenders, and landlords use consumer reports to screen applicants, borrowers, and tenants. They use the reports to deny people jobs, credit, housing, and access to other means by which to live.

3. First Advantage is an investigative consumer reporting agency that furnishes consumer reports to prospective employers. Its reports include information related to an applicant's credit history, eviction history, and criminal history.

4. First Advantage disclosed Plaintiff's expunged criminal record on the consumer report produced for Plaintiff's potential employer.

5. It has been observed that people with criminal records have had to face discrimination and a loss of employment opportunities by potential employers due to inaccurate consumer reporting.

6. There have been numerous federal enforcement actions as well as civil actions related to background screening company's failure to report accurate criminal history information.

7. In fact, First Advantage has been the subject of class action(s) for its failure to ensure that the adverse information reported in its reports is the most up to date information available. Thus, First Advantage knew and had reason to know that its failure to ensure that the most accurate criminal history information was reported on Plaintiff's consumer report would likely result in a violation of Cal. Civ. C. §1786.20(b).

8. Rather than using reasonable procedures to ensure the maximum possible accuracy of the information reported, First Advantage uses a disclaimer that tells the potential employer that "First Advantage does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records." *See* copy of the subject consumer report attached as Exhibit "1."

9. However, here, First Advantage failed to accurately copy information from "public records" as it relates to Plaintiff.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

10. In 2019, Plaintiff applied to work with FedEx Ground "FedEx" to be a package handler.

11. In connection with the application, FedEx procured a consumer report on or about October 25, 2019, regarding Plaintiff.

12. Shortly thereafter, Defendant forwarded, on behalf of FedEx, a copy of the consumer report attached as Exhibit "1" which included an erroneous disclosure of a conviction that had in fact been dismissed.

13. Plaintiff was originally prosecuted in Los Angeles County Superior Court with a case number of KA111438-02.

14. Plaintiff was given probation in his case and his probation was subsequently transferred to San Bernardino County Superior Court.

15. Upon the transfer, a new case number of FXV17000784 was assigned.

16. In 2017, Plaintiff successfully obtained early termination of probation and expungement pursuant to California Pen. C. §§1203.3 and 1203.4.

17. However, Defendant disclosed the expunged record on Plaintiff's consumer report.

18. As a direct result of First Advantage's erroneous disclosure of Plaintiff's expunged record on Plaintiff's consumer report, Plaintiff was denied employment with FedEx.

19. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the denial of employment based on an erroneous disclosure on the consumer report provided to his potential employer.

20. The criminal history information disclosed on the consumer report is from Defendant's criminal records database and not from the courthouse. The background screening industry widely regards the practice of reselling criminal history information from database records to be non-compliant with the "ICRAA" Cal. Civ. C. §1786 *et seq*. because these records are likely to be inaccurate, out of date, or incomplete. The best source of information is always the courthouse where the criminal record originates. Here, the database records may have hidden inaccurate information that caused the disclosure of the expunged record when a search of Plaintiff's name was conducted.

21. Accordingly, Plaintiff believes, and thereon alleges that Defendant routinely and systematically disclosed database records that it knew to be inaccurate, incomplete, or not up to date without verification and therefore, acted with reckless disregard of its duty under the "ICRAA" Cal. Civ. C. §1786 *et seq*. to ensure the "maximum possible accuracy" of the information reported.

22. Plaintiff believes and thereon alleges that to the extent Defendant produces reports containing expunged criminal records – as the case here – and a more in-depth county-level search reveals the convictions have been expunged, Defendant will choose to err on the side of disclosure. This results in systematic over reporting of criminal history information that is inaccurate and violates Defendant's duty under the "ICRAA" Cal. Civ. C. §1786(b)

23. Moreover, Defendant adjudicates its own reports and informs the employer whether the applicant is "eligible" or "not eligible" for employment. Here, based on second-hand information from its database, ignoring information that could have been revealed through a county-level search, and a disclosure of expunged criminal records, Defendant adjudicated the Plaintiff's record as "IA required (DO NOT USE)," which led to Plaintiff's denial of employment with FedEx.

24. Defendant's actions in this case are a direct violation of the spirt of the "ICRAA" Cal. Civ. C. §1786(b) that "whenever an investigative consumer reporting agency prepares an investigative consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

25. Based on Defendant's negligent and/or reckless conduct described above, Plaintiff suffered damages including economic damages, emotional distress, and damage to reputation. Plaintiff also seeks statutory penalties and punitive damages under Cal. Civ. C. §1786.50 as well as attorney's fees and costs.

### THE PARTIES

26. Plaintiff is an individual and resident of County of Los Angeles, State of California.

27. Defendant First Advantage is an investigative consumer reporting agency, within the meaning of the California Investigative Consumer Reporting Agencies Act ("ICRAA" Cal. Civ. C. §1786 *et seq*.) Cal. Civ. C. §1786.2(d) and its routine seller of investigative consumer reports within the meaning of Cal. Civ. C. §1786.2(c).

- 4 -

28. Defendant First Advantage is a foreign company with its principal place of business in Atlanta, Georgia.

29. Plaintiff is ignorant of the Defendants sued herein as JOHN DOES 1-10, inclusive, and therefore, sues those Defendants by such capacities when such information is ascertained through discovery.

30. Plaintiff is informed and believes and thereon alleges that each of the JOHN DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

31. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants JOHN DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FIRST CAUSE OF ACTION

### (Violation of Cal. Civ. C. §1786(b) and DOES 1-10)

32. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

33. Plaintiff is informed and believes and thereon alleges Defendant failed to use reasonable procedures to ensure the maximum possible accuracy of the information reported.  Specifically, Defendant failed to use reasonable procedures to ensure that the reported information belonged to Plaintiff.

34. Defendant failed to use reasonable procedures to ensure that the correct criminal record was reported in Plaintiff's consumer report. *See* Exhibit "1."

35. Under Cal. Civ. C. §1786(b), whenever Defendant prepares an investigative consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." However, here, Defendant willfully, recklessly, or negligently violated the requirement by failing to check the county-level court records to ensure the maximum possible accuracy of information was reported when Defendant produced Plaintiff's consumer report on or about October 25, 2019.

36. Defendant's violations entitle Plaintiff to damages pursuant to Cal. Civ. C. §1786.50

1   including but not limited to actual and/or statutory penalties, emotional distress, damage to
2   reputation and attorney's fees and costs.

3   **PRAYER FOR RELIEF**

4   WHEREFORE, Plaintiff respectfully prays for judgement against Defendants and each of them
5   as follows:

6   1.  As to all claims:

7   a.  For a declaration that Defendants' practices violate ICRA;

8   b.  For statutory, compensatory, special, general, and punitive damages according to
9   proof as applicable against all Defendants;

10  c.  For interest upon such damages as permitted by law;

11  d.  For an aware of reasonable attorneys' fees provided by law under all applicable
12  statutes;

13  e.  For the costs of the lawsuit'

14  f.  For injunctive relief as applicable; and,

15  g.  For such other orders of the Court and further relief as the Court deems just and
16  proper.

17  **DEMAND FOR JURY TRIAL**

18  Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

19

20  DATED: September 21, 2020

21

22  _____
    DEVIN H. FOK, ESQ.
23  **DHF LAW, P.C.**
    Attorney for Plaintiff

24

25

26

27

28

- 6 -
COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

EXHIBIT "1"

# Background Report

*Confidential*

## JUAN MANUEL GOMEZ



FEDEX GROUND HR PKG HANDLER
1000 FEDEX DRIVE MOON TOWN SHIP
.
MOON TOWNSHIP, PA 15108


**IMPORTANT NOTICE UNDER CALIFORNIA LAW**

**First Advantage does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of this report. In California, First Advantage shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures.**

**First Advantage no garantiza la exactitud o veracidad de la información en cuanto al objeto de la investigación, sino que solamente copia la información de los archivos públicos con exactitud. La información generada a raíz del robo de identidad, incluyendo evidencia de actividad criminal, puede ser incorrectamente asociada con el consumidor objeto de este informe. El cliente está de acuerdo y certifica que al ordenar y usar este informe está en estricto cumplimiento de cualesquiera leyes o regulaciones locales, estatales y federales que sean aplicables.**

**Caution to Customer:** Under the terms of the service agreement, this report is delivered with the understanding that the recipient client will hold the same in strict confidence and not disclose it to third parties and furthermore is to be used only for the purpose indicated in the Client's agreement for service, i.e. employment/volunteer/or resident/tenant screening purposes. This report and information provided therein is strictly confidential as it contains personal and sensitive information of the consumer/applicant/candidate/employee and must be utilized solely for the business purposes consistent with the declared purpose in the service agreement and is not to be used by the client or third parties for any other purposes. Client agrees to abide and comply with all applicable laws in connection with this report including data privacy, data protection laws and other similar applicable regulations.

First Advantage is not the source of the data provided in this report in that the data is collected by First Advantage from third party data sources such as public records held in governmental databases or courthouses, schools, colleges, universities, company officials, or third party proprietary databases etc. Accordingly First Advantage does not warrant the accuracy of the information provided by those third parties and expressly disclaims any and all liability for any and all claimed losses, damages, expenses including attorney fees and costs incurred as a result of reliance upon the content of this report.

For US-based Clients or Clients obtaining reports on US residents: Client certifies that it has complied with the Fair Credit Reporting Act (FCRA) and that it has provided a clear disclosure in compliance with the FCRA to the consumer/applicant/candidate/employee and obtained consent and authorization from the consumer/applicant/candidate employee in order to receive this report. If the client intends to take adverse action based in whole or in part on the contents of this report, the client must provide the consumer with a copy of the report, a summary of consumers rights as prescribed by FCRA section 1681g(c)(3) and a copy of any applicable state law rights before taking any action, wait a reasonable period of time for the consumer to dispute any inaccurate information and then can take adverse action. First Advantage has provided your company with copies of the CFPB Summary of Rights for this purpose.

For California based Clients or Clients obtaining reports on California residents: In California an investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures.

If you are a First Advantage Consumer   Please contact the First Advantage Consumer Center at:
**1-800-845-6004** Toll Free (within the U.S.)
**+1 971-280-8128** Toll Number (outside the U.S.)
Or visit http://fadv.com/our-company/contact-support.aspx for local contact details

First Advantage Customers   Please contact the CHICAGO EMPLOYMENT SERVICE CENTER at:
**(800)888-5773** (outside North America +1 971-280-8128)

| General Consumer Information | | | |
|---|---|---|---|
| **Consumer's Name** JUAN MANUEL GOMEZ | | **LOCATION** P910 | |
| **Client Name** FEDEX GROUND HR PKG HANDLER | | **OPCO** FEDEXGROUND | |

**The following consumer information was used in the production of this report:**
Last Name, First Name, Middle Name, SSN, Date of Birth, Address

| | | | |
|---|---|---|---|
| **SSN** ▮▮▮▮▮ | | **Address** ▮▮▮▮▮ | |
| **Date of Birth** ▮▮▮▮ | | | |
| **Consumer Contact** ▮▮▮▮ | | **Consumer Alternate Contact** | |

| Other Names Provided | | |
|---|---|---|
| **Last Name, Suffix** | **First Name** | **Middle Name** |
| GOMEZ | JUAN | MANUEL |

**Information Regarding this Order:**

| | | | |
|---|---|---|---|
| **Position Applied For** 218935BR | | **Date Ordered** 23/Oct/2019 07:22:16 PM | |
| **Background Check Completion Date** 25/Oct/2019 06:20:37 PM | | **Report Last Updated on** 25/Oct/2019 06:20:37 PM | |
| **Date Report Printed** 03/Dec/2019 12:22:03 PM | | | |

| Candidate Reference Number | |
|---|---|
| **Label** | **Value** |
| Candidate Reference Number | 6240855 |

All timestamps represent US Eastern Time

**First Advantage Background Report Summary**

**Consumer's Name** JUAN MANUEL GOMEZ                    **Date Ordered:** 23/Oct/2019 07:22:16 PM

**Background Check** 25/Oct/2019 06:20:37 PM
**Completion Date:**

**Score Result** In-Eligible For Hire

**Package Name: PACKAGE HANDLER PRE-EMP - PO**

| Package Searches Ordered | Status | Review | Score |
|---|---|---|---|
| Social Security Verification | Complete | No | |
|   Social Security Verification | Complete | No | Pass |
| First Advantage National Criminal File | Complete | No | |
|   First Advantage National Criminal File WEST COVINA, LOS ANGELES, CA | Complete | No | Eligible |
| County Seat Felony & Misdemeanor | Complete | Yes** | |
|   County Seat Felony & Misdemeanor MONTCLAIR, SAN BERNARDINO, CA | Complete | No | Eligible |
|   County Seat Felony & Misdemeanor WEST COVINA, LOS ANGELES, CA | Complete | Yes** | IA required (DO NOT USE)** |
| Global Sanction Search | Complete | No | |
|   First Advantage Global Sanction Search | Complete | No | Eligible |
| **Additional Searches Ordered** | | | |
| NONE | | | |

**Remark**

City Ordinance, State, or Federal law requires additional action and disclosure by employer to consumer prior to taking adverse action based on Consumer Report. FADV cannot provide Adverse Action letter mailing service on this candidate.

* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

** Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

*** This product has been blocked from delivery due to compliance related restrictions.

**Social Security Number Validation**

### Note

The Social Security Number Validation is a process where the SSN is
confirmed as being issued by the Social Security Administration. The Social Security Number
Validation also confirms that the SSN does not belong to a deceased individual.

**Valid SSN?** Yes                                         **State Issued** ███████
**Date Issued** ███████████████                **Reported Deceased?** No

### Disclaimer

The results of the Social Security Number Validation
do not provide a verification that the Social Security Number belongs to the Consumer of this report.

## Social Security Verification

**Status:** Complete
**Score:** Pass

**Date Completed: 23/Oct/2019**

The Social Security Number Verification (SSNV) matches the given SSN against consumer credit files contained in the databases of nationwide credit reporting agencies. The credit bureaus' consumer credit files contain information provided by companies with which the consumer has had financial dealings and/or public record information collected by the bureaus from the courts. The SSNV does not verify that the Social Security Administration issued a specific SSN to a consumer.

**Social Security Verification results and Remarks returned from this search are for informational purposes and should not be relied upon as a basis for determining the eligibility of a consumer for credit, insurance, employment or any other product or service, without additional review with and clarification from the consumer.**

SOCIAL SECURITY VERIFICATION NAME AND ADDRESS INFORMATION OBTAINED FROM:  EXPERIAN

### Customer Provided Information

| **SSN** ██████ | **DOB** ██████ |
|---|---|

**SSN State Issued**                                  **SSN Year Issued** ████

**Name Type** Report Subject                     **Name** GOMEZ, JUAN

**Addr Type** Residence Address          **First Date** 06/01/2016 **Last** 03/01/2018

**Address** ██████████

### Remarks and/or Social Security Alerts

10/23/19: SUBJECT NAME RETURNED MATCHED WITH A DEVELOPED NAME.

10/23/19: AN ADDRESS DISCREPANCY WAS FOUND. SUBJECT ADDRESS DOES NOT MATCH ADDRESS ON FILE.

10/23/19: NO ALERTS RETURNED FROM SEARCH.

Back to top

## First Advantage National Criminal File WEST COVINA, LOS ANGELES, CA

**Status:** Complete
**Score:** Eligible

**Date Completed: 24/Oct/2019**

| | |
|---|---|
| **Record Source** | DATABASE SEARCH |
| **Search Results** | No Record Found |
| **Search Type** | First Advantage National Criminal File Search |
| **Address Covered** | ████████. |
| **Address City Covered** | ██████ |
| **Address County Covered** | ██████ |
| **Address State Covered** | █ |
| **Address Zip** | ███ |
| **Given Name Searched** | JUAN MANUEL GOMEZ |

Back to top

## County Seat Felony & Misdemeanor MONTCLAIR, SAN BERNARDINO, CA

**Status:** Complete
**Score:** Eligible

**Date Completed: 24/Oct/2019**

| | |
|---|---|
| **Record Source** | SAN BERNARDINO COUNTY CENTRAL DISTRICT SUPERIOR COURT |
| **Search Results** | No Record Found |
| **Search Type** | FELONY AND MISDEMEANOR RECORD SEARCH - SINGLE LOCATION DUAL INDEX |
| **Date of Search** | 24/Oct/2019 |
| **Search Period** | 10/09/2009 - 10/09/2019 |
| **Address Covered** | ██████████ |
| **Address City Covered** | ██████ |
| **Address County Covered** | ████████ |
| **Address State Covered** | ██ |
| **Location** | ███████████████████████ |
| **Given Name Searched** | JUAN MANUEL GOMEZ |

| **Source Status History** | |
|---|---|
| **Status Date** | **Description** |
| 23/Oct/2019 09:07:26 PM | Search in progress. Estimated completion by 10/24/2019 |

Back to top

**County Seat Felony & Misdemeanor WEST COVINA, LOS ANGELES, CA**
**Date Completed: 25/Oct/2019**

**Status:  Complete**
**Score:    IA required (DO NOT USE)\*\***

| | |
|---|---|
| **Record Source** | LOS ANGELES SUPERIOR & METRO MUNICIPAL COURTS |
| **Search Results** | Record Found |
| **Search Type** | FELONY AND MISDEMEANOR RECORD SEARCH - SINGLE LOCATION DUAL INDEX |
| **Date of Search** | 25/Oct/2019 |
| **Search Period** | 10/09/2009 - 10/09/2019 |
| **Address Covered** | ████████████ |
| **Address City Covered** | ██████ |
| **Address County Covered** | █████████ |
| **Address State Covered** | ██ |
| **Address Zip** | ████ |
| **Location** | 210 WEST TEMPLE STREET ROOM M-6 LOS ANGELES LOS ANGELES COUNTY |
| **Given Name Searched** | JUAN MANUEL GOMEZ |
| **Developed Name Searched** | JUAN GOMEZ |

*Full matched by the following identifiers: Last Name, First Name, Middle Name, DOB*

| | |
|---|---|
| **Case Reference #** | KA111438-02 |
| **Case Date** | 07/Mar/2016 |
| **Name on File** | JUAN MANUEL GOMEZ |
| **DoB on File** | ██████ |
| **Charge** | UNLAWFUL DRIVING OR TAKING OF VEHICLE |
| **Charge Type** | FELONY |
| **Disposition** | CONVICTED |
| **Disposition Date** | 04/Apr/2016 |

| Sentence | FINE AND COSTS AMOUNT UNSPECIFIED; CREDIT TIME SERVED 46 DAYS; PROBATION 3 YEARS FORMAL; JAIL 46 DAYS; CASE TRANSFERRED ON 04/17/2017 TO SAN BERNARDINO COUNTY |
|---|---|

*Full matched by the following identifiers: Last Name, First Name, Middle Name, DOB*

| | |
|---|---|
| **Case Reference #** | 5JB02827 |
| **Case Date** | 24/Apr/2015 |
| **Name on File** | JUAN MANUEL GOMEZ |
| **DoB on File** | ▮▮▮▮ |
| **Charge** | UNLAWFUL DRIVING OR TAKING OF VEHICLE |
| **Charge Type** | MISDEMEANOR |
| **Disposition** | CONVICTED |
| **Disposition Date** | 24/Apr/2015 |
| **Sentence** | COMMUNITY SERVICE 20 DAY; FINE AND COSTS AMOUNT UNSPECIFIED; CREDIT TIME SERVED 5 DAY; PROBATION 3 YEAR SUMMARY; JAIL 5 DAY; JAIL 46 DAYS; PROBATION VIOLATION ON 04/04/2016; CREDIT TIME SERVED 46 DAYS |

| Source Status History | |
|---|---|
| **Status Date** | **Description** |
| 23/Oct/2019 10:58:31 PM | Additional handling required. Estimated completion by 10/25/2019 |
| 23/Oct/2019 09:07:35 PM | Search in progress. Estimated completion by 10/24/2019 |

Back to top

| First Advantage Global Sanction Search | **Status:** | **Complete** |
|---|---|---|
| **Date Completed: 24/Oct/2019** | **Score:** | **Eligible** |

| | |
|---|---|
| **Record Source** | FIRST ADVANTAGE GLOBAL SANCTIONS DATABASE |
| **Search Results** | No Record Found |
| **Search Type** | FIRST ADVANTAGE GLOBAL SANCTION SEARCH |
| **Date of Search** | 24/Oct/2019 |
| **Search Period** | 10/09/2012 - 10/23/2019 |
| **Location** | CONCOURSE PKWY ATLANTA FULTON COUNTY |
| **Given Name Searched** | JUAN MANUEL GOMEZ |
| **Developed Name Searched** | JUAN GOMEZ |

| Source Status History | |
|---|---|
| **Status Date** | **Description** |
| 23/Oct/2019 09:07:20 PM | Search in progress. Estimated completion by 10/24/2019 |

***Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.***

**A Summary Of Your Rights Under the Fair Credit Reporting Act**

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For**

**more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. Seewww.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

- The following FCRA right applies with respect to nationwide consumer reporting agencies:

**CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE**

**You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization.** The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates.<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau<br>1700 G Street NW<br>Washington, DC 20552<br><br>b. Federal Trade Commission: Consumer Response Center - FCRA<br>Washington, DC 20580<br>(877) 382-4357 |
| 2. To the extent not included in item 1 above: | a. Office of the Comptroller of the Currency<br>Customer Assistance Group |

| | |
|---|---|
| a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks | 1301 McKinney Street, Suite 3450 Houston, TX 77010-9050 |
| b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act | b. Federal Reserve Consumer Help Center P.O. Box 1200 Minneapolis, MN 55480 |
| c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations | c. FDIC Consumer Response Center 1100 Walnut Street, Box #11 Kansas City, MO 64106 |
| d. Federal Credit Unions | d. National Credit Union Administration Office of Consumer Protection (OCP) Division of Consumer Compliance and Outreach (DCCO) 1775 Duke Street Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings Aviation Consumer Protection Division Department of Transportation 1200 New Jersey Avenue, S.E. Washington, DC 20590 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board Department of Transportation 395 E Street SW Washington, DC 20423 |
| 5. Creditors Subject to Packers and Stockyards Act | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access United States Small Business Administration 409 Third Street, SW, 8th Floor Washington, DC 20549 |
| 7. Brokers and Dealers | Securities and Exchange Commission 100 F Street NE Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration 1501 Farm Credit Drive McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357 |

## California Residents

## Summary of Rights

You have a right to obtain a copy of your credit file from a consumer credit reporting agency. You may be charged a reasonable fee not exceeding eight dollars ($8). There is no fee, however, if you have been turned down for credit, employment, insurance, or a rental dwelling because of information in your credit report within the preceding 60 days. The consumer credit reporting agency must provide someone to help you interpret the information in your credit file.

You have a right to dispute inaccurate information by contacting the consumer credit reporting agency directly. However, neither you nor any credit repair company or credit service organization has the right to

have accurate, current, and verifiable information removed from your credit report. Under the Federal Fair Credit Reporting Act, the consumer credit reporting agency must remove accurate, negative information from your report only if it is over seven years old. Bankruptcy information can be reported for 10 years.

If you have notified a consumer credit reporting agency in writing that you dispute the accuracy of information in your file, the consumer credit reporting agency must then, within 30 business days, reinvestigate and modify or remove inaccurate information. The consumer credit reporting agency may not charge a fee for this service. Any pertinent information and copies of all documents you have concerning an error should be given to the consumer credit reporting agency.

If reinvestigation does not resolve the dispute to your satisfaction, you may send a brief statement to the consumer credit reporting agency to keep in your file, explaining why you think the record is inaccurate. The consumer credit reporting agency must include your statement about disputed information in a report it issues about you.

You have a right to receive a record of all inquiries relating to a credit transaction initiated in 12 months preceding your request. This record shall include the recipients of any consumer credit report.

You may request in writing that the information contained in your file not be provided to a third party for marketing purposes.

You have a right to place a "security alert" in your credit report, which will warn anyone who receives information in your credit report that your identity may have been used without your consent. Recipients of your credit report are required to take reasonable steps, including contacting you at the telephone number you may provide with your security alert, to verify your identity prior to lending money, extending credit, or completing the purchase, lease, or rental of goods or services. The security alert may prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that taking advantage of this right may delay or interfere with the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or cellular phone or other new account, including an extension of credit at point of sale. If you place a security alert on your credit report, you have a right to obtain a free copy of your credit report at the time the 90-day security alert period expires. A security alert may be requested by calling the following toll-free telephone number: (Insert applicable toll-free telephone number). California consumers also have the right to obtain a "security freeze."

You have a right to place a "security freeze" on your credit report, which will prohibit a consumer credit reporting agency from releasing any information in your credit report without your express authorization. A security freeze must be requested in writing by mail. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or cellular phone or other new account, including an extension of credit at point of sale. When you place a security freeze on your credit report, you will be provided a personal identification number or password to use if you choose to remove the freeze on your credit report or authorize the release of your credit report for a specific party or period of time after the freeze is in place. To provide that authorization you must contact the consumer credit reporting agency and provide all of the following:

(1) The personal identification number or password.

(2) Proper identification to verify your identity.

(3) The proper information regarding the third party who is to receive the credit report or the period of time for which the report shall be available to users of the credit report.

A consumer credit reporting agency must authorize the release of your credit report no later than three

business days after receiving the above information.

A security freeze does not apply when you have an existing account and a copy of your report is requested by your existing creditor or its agents or affiliates for certain types of account review, collection, fraud control, or similar activities.

If you are actively seeking credit, you should understand that the procedures involved in lifting a security freeze may slow your application for credit. You should plan ahead and lift a freeze, either completely if you are shopping around, or specifically for a certain creditor, before applying for new credit.

A consumer credit reporting agency may not charge a fee to a consumer for placing or removing a security freeze if the consumer is a victim of identity theft and submits a copy of a valid police report or valid Department of Motor Vehicles investigative report. A person 65 years of age or older with proper identification may be charged a fee of no more than $5 for placing, lifting, or removing a security freeze. All other consumers may be charged a fee of no more than $10 for each of these steps.

You have a right to bring civil action against anyone, including a consumer credit reporting agency, who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data.

If you are a victim of identity theft and provide to a consumer credit reporting agency a copy of a valid police report or a valid investigative report made by a Department of Motor Vehicles investigator with peace officer status describing your circumstances, the following shall apply:

(1) You have a right to have any information you list on the report as allegedly fraudulent promptly blocked so that the information cannot be reported. The information will be unblocked only if (A) the information you provide is a material misrepresentation of the facts, (B) you agree that the information is blocked in error, or (C) you knowingly obtained possession of goods, services, or moneys as result of the blocked transactions. If blocked information is unblocked, you will be promptly notified.

(2) Beginning July 1, 2003, you have a right to receive, free of charge and upon request, one copy of your credit report each month for up to 12 consecutive months.

**CALIFORNIA**
**A Summary of Your Rights**
**Under California Law**

Under California law, you are entitled, upon presentation of proper identification(*) , to find out from an investigative consumer reporting agency ("CRA") what is in your file, as follows:

1. In person, by visual inspection of your file during normal business hours and on reasonable notice. You may be accompanied by one other person of your choosing, who must furnish reasonable identification. The CRA may require you to furnish a written statement granting permission to the CRA to discuss your file in such person's presence.

2. By obtaining a summary of it via telephone call, if you have made a written request, with proper identification, for telephone disclosure and the toll charge, if any, for the telephone call is prepaid by you or charged directly to you; or

3. By requesting in writing, with proper identification, that a copy of it be sent to a specified addressee by certified mail. The CRA complying with such requests for certified mailings shall not be liable for disclosures to third parties caused by mishandling of mail after such mailings leave the investigative CRAs.

The CRA may not charge you more than the actual copying costs for providing you with a copy of your file.

The CRA will provide trained personnel to explain any information furnished to you. The CRA and will provide a written explanation of any coded information contained in files maintained on you.

If you choose to visually inspect the file under option 1 above this written explanation will be provided whenever the file is provided to you.

**If you wish to obtain a security freeze on your file you should contact First Advantage at: 800-321-4473.**

---

(*) The term "proper identification" as used above shall mean that information generally deemed sufficient to identify a person. Such information includes documents such as a valid driver's license, social security account number, military identification card, and credit cards. Only if the consumer is unable to reasonably identify himself with the information described herein, may an investigative CRA require additional information concerning your employment and personal or family history in order to verify your identity.

122.103.31 CA Summary of Rights

### ESTADO DE CALIFORNIA
### Una muestra de sus derechos
### bajo las leyes del Estado de California.

Bajo las leyes del Estado de California, usted tiene derecho, presentando previamente la identificac on correcta (*), a que un investigador de la Agencia de Reporte del Consumidor ("CRA") le suministre la informacion que esta en su archivo y esto se hace de la siguiente manera:

1. La inspeccion visual de su archivo se hace en persona, durante horas habiles y se debe solicitar, presentando en un periodo razonable, una notificacion previa a su visita. Usted puede venir acompañado de la persona que usted desee, la cual debe presentar identificacion personal \Tali& El CRA puede pedirle por escrito permiso para que el CRA pueda discutir su archivo en presencia de dicho acompañante.

2. Si desea obtener la informacion del sumario via telefonica y usted la ha requerido por escrito y acompañada de la identificacion correcta, el costo de la llamada estard bajo su responsabilidad, ya sea que esta sea prepagada o que se le cargue a usted directamente.

3. Si usted pide por escrito que le envien una copia por correo, a la direccion que usted indique, usted debe presentar previamente la identificacion correcta y esta le sera enviada por correo certificado. Si el CRA accede a dicho requerimiento de envio por correo certificado, el CRA no se hace responsable por la revelacion de la informacion a terceras personas, causado por el mal manejo del correo despues de que este haya salido de las instalaciones del CRA.

El CRA no le cobrard mas de lo que actualmente se cobra por dar una copia de su archivo personal. El CRA cuenta con personal entrenado para explicar cualquier informacion que se suministre. El CRA explicard por escrito cualquier informacion codificada contenida en sus archivos personales.

Si usted elige la inspeccion visual del archivo bajo la opcion 1 arriba mencionada, esta explicacion por escrito se proveera cuando el archivo le sea entregado.

---

(*) El termino de IDENTIFICACION CORRECTA, significa generalmente que la identificacion suministrada se considera suficiente y veraz para reconocer a una persona. Tal informacion incluye documentos tales como la Licencia de Conducir, Numero del Seguro Social, Tarjeta Militar y Tarjetas de Credito.

Solamente, si el consumidor no se puede identificar correctamente con alguna de las opciones anteriores, entonces el investigador del CRA pedird informacion adicional relacionada con su empleo o su historia personal o familiar para verificar su identidad.

**Si desea ponerse en contacto First Advantage por favor llame al: 800-321-4473.**

122.103.31 CA Summary of Rights

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Devin H. Fok (SBN # 256599) DHF Law, P.C.<br>16 N. Marengo Ave., Suite 403<br>Pasadena, CA 91101<br><br>TELEPHONE NO.: (888) 651-6411    FAX NO. *(Optional):* (818) 484-2023<br>ATTORNEY FOR *(Name):* Juan Gomez | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Gomez v. First Advantage

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 20STCV36022 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
 b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
     issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
 c. [ ] Substantial amount of documentary evidence      court
                                     f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* (1)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 10, 2020

Devin H. Fok ▶ *dhf*
_____ _____
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Gomez v. First Advantage | CASE NUMBER 20STCV36022 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Gomez v. First Advantage | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Gomez v. First Advantage | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Gomez v. First Advantage | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>12369 Lower Azusa Rd.<br>Arcadia, CA 91006 |
|---|---|
| **CITY:**<br>Arcadia | **STATE:** CA    **ZIP CODE:** 91006 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: September 10, 2020        _dhf_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# EXHIBIT B

ronically FILED by Superior Court of California, County of Los Angeles on 09/21/2020 01:29 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

Case 2:20-cv-09720-JFW-KS Document 1-9 10/22/20 Page 31 of 64 Page ID
20STCV36022

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Foreign Corporation registered to do business in the State of Georgia; and JOHN DOES, 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JUAN GOMEZ, as an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
| (El nombre y dirección de la corte es): Stanley Mosk Courthouse | |
| 111 N. Hill St. | 20STCV36022 |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Devin Fok, Esq., DHF Law, P.C., 16 N. Marengo Avenue, Pasadena, CA 91101, (888) 651-6411

| DATE: | Clerk, by | Sherri R. Carter Executive Officer / Clerk of Court | , Deputy |
| (Fecha) September 21, 2020  09/21/2020 | (Secretario) | H. Flores-Hernandez | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): First Advantage Background Services Corp., a Foreign Corporation registered to do business in the State of Georgia
    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date)

| | | Page 1 of 1 |
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

# EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/21/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ H. Flores-Hernandez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV36022 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Ruth Ann Kwan | 72 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/22/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Flores-Hernandez , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
*Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:*

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference may be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT D

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )       FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING          )
FOR CIVIL                              )
                                       )
                                       )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).). All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) **MANDATORY ELECTRONIC FILING**

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)   Depositions;

      ii)   Declarations;

      iii)   Exhibits (including exhibits to declarations);

      iv)   Transcripts (including excerpts within transcripts);

      v)   Points and Authorities;

      vi)   Citations; and

      vii)  Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

   g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

**4**

h) Writs and Abstracts

   Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

   If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

   Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

   a) Filed Date

      i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

      ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

   a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

# EXHIBIT E

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION – DISCOVERY RESOLUTION | | CASE NUMBER: |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

    i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

    ii. Include a brief summary of the dispute and specify the relief requested; and

    iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

    i. Also be filed on the approved form (copy attached);

    ii. Include a brief summary of why the requested relief should be denied;

STIPULATION – DISCOVERY RESOLUTION

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):      FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

The following parties stipulate:

Date:
_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:
_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:
_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:
_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:
_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:
_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:
_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:   _____

_____
JUDICIAL OFFICER

# EXHIBIT F

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   • **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   • **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   • **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
      o Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
      • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
      o Free, day- of- trial mediations at the courthouse. No appointment needed.
      o Free or low-cost mediations before the day of trial.
      o For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
        http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

# EXHIBIT G

Electronically FILED by Superior Court of California, County of Los Angeles on 10/21/2020 12:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

1   SEYFARTH SHAW LLP
    Aaron Belzer (SBN 238901)
2   abelzer@seyfarth.com
    2029 Century Park East, Suite 3500
3   Los Angeles, California  90067-3021
    Telephone:     (310) 277-7200
4   Facsimile:      (310) 201-5219

5   Attorneys for Defendant
    FIRST ADVANTAGE BACKGROUND
6   SERVICES CORP.

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10

11  JUAN GOMEZ, as an individual,              **Case No. 20STCV36022**

12                 Plaintiff,                   DEFENDANT FIRST ADVANTAGE
                                                BACKGROUND SERVICES CORP.'S
13         v.                                   ANSWER TO PLAINTIFF'S
                                                COMPLAINT FOR DAMAGES
14  FIRST ADVANTAGE BACKGROUND
    SERVICES CORP., a Foreign Corporation
15  registered to do business in the State of Georgia;
    and JOHN DOES, 1-10 inclusive,
16
                   Defendants.
17

18         Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. hereby answers

19  Plaintiff's Complaint for Damages and sets forth its affirmative defenses as follows:

20                            **GENERAL DENIAL**

21         Pursuant to California Code of Civil Procedure Section 431.30(d), First Advantage

22  generally denies each and every allegation in the Complaint.  In further answer to the Complaint,

23  First Advantage denies that Plaintiff has suffered any injury, damage, or loss in any nature or

24  manner whatsoever by reason of any act or omission of First Advantage.

25                          **AFFIRMATIVE DEFENSES**

26         Subject to discovery, and without assuming the burden of proof on any element or issue

27  for which Plaintiff bears the burden of proof, First Advantage separately, and as defenses to each

28  purported claims or cause of action contained in Plaintiff's Complaint, alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages because First Advantage's reading of its obligations under California's Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.*, was objectively reasonable.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claim is preempted, in whole or in part, by 15 U.S.C. § 1681t.

**THIRD AFFIRMATIVE DEFENSE**

First Advantage's reporting of Plaintiff's criminal history is protected by the First Amendment to the U.S. Constitution, which prohibits content-based regulations of speech except in narrowly tailored circumstances not present in this action.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, First Advantage prays for judgment as follows:

1.    That Plaintiff take nothing by way of his Complaint;

2.    That the Court enter judgment for First Advantage;

3.    For costs of suit incurred in defense of this action; and

4.    For such other and further relief as the Court may deem proper.

DATED:  October 21, 2020              SEYFARTH SHAW LLP


By _____
    Aaron Belzer

    Attorneys for Defendant
    FIRST ADVANTAGE BACKGROUND
    SERVICES CORP.

2

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA               )
                                  )   SS
3

COUNTY OF LOS ANGELES             )

4

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, CA  90067.  On October 21, 2020, I caused to be served the within document(s):

5

6

7

**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICE CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

8

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

9

10

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

11

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

12

13

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

14

15

    Devin H. Fok, Esq. (SBN 256599)    P:  (888) 651-6411 / F:  (818)484-2023
    DHF Law, P.C.    Email:  devin@devinfoklaw.com
    16 N. Marengo Avenue, Suite 403
    Pasadena, CA  91101

16

17

18

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20

21

    I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

22

23

    Executed on October 21, 2020, at Los Angeles, California.

24

25

_____
    Lora Calma

26

27

28

66330404v.1

# EXHIBIT H

Alex Padilla
California Secretary of State

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, October 21, 2020. Please refer to document Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C2878602    FIRST ADVANTAGE BACKGROUND SERVICES CORP.

| | |
|---|---|
| Registration Date: | 05/16/2006 |
| Jurisdiction: | FLORIDA |
| Entity Type: | FOREIGN STOCK |
| Status: | ACTIVE |
| Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE (C1592199) |

To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate.

| | |
|---|---|
| Entity Address: | 1 CONCOURSE PARKWAY NE SUITE 200 ATLANTA GA 30328 |
| Entity Mailing Address: | 100 CARILLON PARKWAY SUITE 350 ST PETERSBURG FL 33716 |

🛒 Certificate of Status

A Statement of Information is due EVERY year beginning five months before and through the end of May.

| Document Type ↕ | File Date ↓↑ | PDF |
|---|---|---|
| SI-COMPLETE | 05/07/2020 | |
| SI-COMPLETE | 05/13/2019 | |
| REGISTRATION | 05/16/2006 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- If the image is not available online, for information on ordering a copy refer to Information Requests.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Frequently Asked Questions.

Modify Search    New Search    Back to Search Results

**California Secretary of State**
Electronic Filing



# Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | FIRST ADVANTAGE BACKGROUND SERVICES CORP. |
| Entity (File) Number: | C2878602 |
| File Date: | 05/07/2020 |
| Entity Type: | Corporation |
| Jurisdiction: | FLORIDA |
| Document ID: | GF43590 |

**Detailed Filing Information**

1. Entity Name:

   FIRST ADVANTAGE BACKGROUND SERVICES CORP.

2. Business Addresses:

   a. Street Address of Principal Office in California:

   b. Mailing Address:

   100 Carillon Parkway  SUITE 350
   ST PETERSBURG, Florida 33716
   United States of America

   c. Street Address of Principal Executive Office:

   1 Concourse Parkway NE SUITE 200
   ATLANTA, Georgia 30328
   United States of America

3. Officers:

   a. Chief Executive Officer:

   SCOTT D STAPLES
   1 Concourse Parkway NE SUITE 200
   ATLANTA, Georgia 30328
   United States of America

   b. Secretary:

   BRET T JARDIN
   1 Concourse Parkway NE SUITE 200
   ATLANTA, Georgia 30328
   United States of America

Document ID: GF43590

# California Secretary of State
## Electronic Filing

Officers (cont'd):

    c.   Chief Financial Officer:

                                 DAVID L GAMSEY
                                 1 Concourse Parkway NE SUITE 200
                                 ATLANTA, Georgia 30328
                                 United States of America

4.   Director:                                Not Applicable

    Number of Vacancies on the Board of
    Directors:                           Not Applicable

5.   Agent for Service of Process:      CORPORATION SERVICE COMPANY
                                   WHICH WILL DO BUSINESS IN
                                   CALIFORNIA    AS CSC - LAWYERS
                                   INCORPORATING SERVICE
                                   (C1592409)

6.   Type of Business:               Pre-employment Background Screening

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:   Bret T. Jardine

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GF43590